IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMA DEUTSCH, | : | |
|                     Plaintiff, | : | CIVIL ACTION |
| | : | NO. 13-3914 |
| v. | : | |
| | : | |
| WELLS FARGO BANK, N.A., | : | |
|                     Defendant. | : | |

**Jones, II,    J.**                                                                                   **December 18, 2015**

**<u>MEMORANDUM</u>**

In Plaintiff's Second Amended Complaint, Wilma Deutsch ("Plaintiff") states a claim under the Pennsylvania Commercial Code (the "PCC"), 13 Pa. C.S. § 4401 ("Section 4401") alleging that a check for $250,000, dated December 18, 2009 and drawn on Plaintiff's account, was not properly payable; thus, Wells Fargo Bank, N.A.'s ("Defendant") action in honoring the check violated the statute. (Dkt No. 28 [hereinafter SAC] ¶¶ 41-43.) Plaintiff demands reimbursement of the amount in the check. (SAC ¶ 44.) Defendant moves to dismiss the claim as untimely under 13 Pa. C.S. § 4111 ("Section 4111"). (Dkt No. 32 [hereinafter MTD].) Plaintiff does not dispute Defendant's argument, but rather presents policy arguments to encourage the Court to forge a new path of jurisprudence under Section 4111. (Dkt No. 36 [hereinafter Resp.].) For the reasons stated herein, the Court will not take the road less traveled; precedent makes all the difference. Defendant's motion is granted and Plaintiff's Second Amended Complaint is dismissed with prejudice.

      **I.**      **Standard of Review**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Alleghany*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

1

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).  The statute of limitations may be raised as an affirmative in a motion to dismiss where the plaintiff's failure to comply with the limitations period is apparent from the face of the pleadings. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994).

I. **Background**

a. **Factual History**

When deciding a motion to dismiss under 12(b)(6), the "court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). In this case, Plaintiff has attached a copy of the relevant check, (SAC, Ex. C [hereinafter Check]), and Transaction Statement for the relevant account between February 22, 2002 and September 20, 2012, (SAC, Ex. D [hereinafter Trans. Stat.].) For the purpose of deciding the instant Motion, the Court must take all alleged facts as true. *Phillips*, 515 F.3d at 233 (internal quotation and citation omitted).

On or after December 18, 2009, Defendant cashed a check written on Plaintiff's account for $250,000, payable to WCB Holdings, Inc. (SAC ¶ 31; Check.) The printed name appearing on the upper-left corner of the check is "Wilma K. Deutsch." (Check.) Plaintiff was the sole authorized signer for the account from where the check was drawn. (SAC ¶ 34.) However, Plaintiff did not sign the check and did not authorize anyone to sign the check. (SAC ¶ 33.) The signature on the check is not Plaintiff's signature. (SAC ¶ 35.)

Plaintiff only learned about this transaction at some time in 2013. (SAC ¶ 32.) Plaintiff was only provided with a copy of the check at some time during 2014 after her husband's death on January 30, 2014. (SAC ¶ 32.) Specifically, sometime after January 30, 2014, Defendant provided Plaintiff with a transaction statement that included relevant information about the check. (SAC ¶ 36; Trans. Stat.)

### b. Procedural History

On January 20, 2015, Plaintiff filed an Amended Complaint which included a claim about the disputed check. (SAC ¶ 39; Dkt No. 16 [hereinafter AC] ¶¶ 57-60.) This was the first notice Defendant received that Plaintiff disputed the check. (SAC ¶ 39.) The Court granted Defendant's motion to dismiss this claim in the Amended Complaint, but granted Plaintiff leave to amend. (Dkt No. 27.) Plaintiff filed the Second Amended Complaint thereto. (SAC.)

## II. Analysis

Plaintiff's ability to bring a claim under Section 4401 is modified by a statute of limitations under Section 4111 and a notice requirement under 13 Pa. C.S. § 4406 ("Section 4406"). First, Section 4111 requires that Plaintiff bring the action "within three years after the cause of action accrues." A claim under Section 4401 accrues "when the instrument is negotiated, regardless of the plaintiff's ignorance of the conversion." *Estate of Hollywood v. First Bank of Palmerton*, 850 A.2d 474, 482 (Pa. Super. 2004); *see also Faber v. Wells Fargo Bank*, 2015 WL 1636967, at *2 (E.D. Pa. 2015); *Bucci v. Wachovia Bank, N.A.*, 591 F.Supp.2d 773, 786 (E.D. Pa. 2008). Second, Section 4406(f) requires Plaintiff to notify the bank of the suspected fraud within one year of "the statement or items [being] made available to the customer." In Defendant's Motion, Defendant argues that regardless of Plaintiff's compliance with Section 4406, Plaintiff has plainly not complied with Section 4111.

The check at issue was negotiated in December 2009. (SAC ¶ 31.) Thus, with the accrual date starting at the time of negotiation, Plaintiff had to bring any claim under Section 4401 by, at the latest, December 31, 2012. Plaintiff first brought this claim in her Amended Complaint on January 21, 2015. (AC.) This claim is obviously not timely filed.

Plaintiff admits as much. (Resp. at 2.) The Court is grateful for such candor to the tribunal. While acknowledging the existing precedent, Plaintiff asks the Court to start the accrual date at the date Defendant made the statement available to Plaintiff in 2014, rather than the negotiation date in 2009. Plaintiff encourages the Court to "forge a new path of jurisprudence," arguing that:

> it does not make sense to overlay the three-year statute of limitations of Section 4111 onto the one-year condition precedent notice provision of Section 4406, because by doing so, the one-year provision becomes superfluous for claims as tow [*sic*] which a consumer is made aware less than one (1) year before the expiration of the three-year statute of limitations. Thus, the better course would be to deem the statute of limitations to begin to

>run concurrent with the time when the dispute statement is "made available," not when the Bank negotiates the instrument.

(Resp. at 2.) For example, in this case, accepting all of Plaintiff's allegations as true, in 2009, Defendant cashed a large check from Plaintiff's account, which she did not sign, and thus was cashed in error. Yet, Defendant failed to provide her with account statements that reported the withdrawal until 2014. Plaintiff's filing of the Amended Complaint in 2015 timely provided Defendant with notice under Section 4406. However, Plaintiff argues, through no fault of Plaintiff's, Plaintiff's claim is still time barred because she did not file it within the three year window of Section 4111. In such situations, Plaintiff's success under Section 4406 proves irrelevant. Plaintiff argues that this status quo does not further the policy goals of the PCC.

While the Court considered Plaintiff's novel arguments, the Court will not divert from the strict application of the three year statute of limitations. *C.f. Menichini v. Grant*, 995 F.2d 1224, 1231 (3d Cir. 1993) ("[T]he Code explicitly mandates 'mechanical' application of the statute of limitations notwithstanding the customer's failure to discover a forged indorsement within the relevant limitations period.") (citing 13 Pa. C.S. § 4406). In addition to the clear precedent in support of this holding, the Court finds that policy rationale further supports the strict application. The adoption of the PCC was "intended to simplify and standardize commercial transactions." *Envtl. Equip. & Serv. Co. v. Wachovia Bank*, 741 F. Supp. 2d 705, 712 (E.D. Pa. 2010) (citing *New Jersey Bank, N.A. v. Bradford Sec. Operations, Inc.*, 690 F.2d 359, 345 (3d Cir. 1982)). Specifically, "[i]n adopting the [PCC] and its amendments, the Pennsylvania legislature has concluded that customers are better able than banks to minimize the risk of embezzlement." *Id.* at 714. Starting the statute of limitations from the negotiation creates a clear benchmark. Further, the statute assumes that Plaintiff was in the best position to discover the fraud and affords her three years in which to do so. While Plaintiff argues that her failure to know about the purportedly fraudulent check was not her fault, the Court finds that it was, at the very least, her responsibility. Statutes of limitations are intended to ensure that persons fulfill such responsibilities.

The fact that the notice requirement of Section 4406 is rendered moot by the strict application of the statute of limitations is not at odds with the purposes of the PCC. Section 4406 is itself titled "[d]uty of customer to discover and report unauthorized signature or alteration." Section 4406(f) "is a powerful weapon for banks because it places the risk of loss squarely on customers after one year has passed." *Envtl. Equip. & Serv. Co.*, 741 F.Supp.2d at 715. If a

costumer fails to fulfill their duties under Section 4111 such that the Court does not even need to address the customer's duties under Section 4406, the goals of Section 4406 are hardly vitiated. Section 4406 was clearly not intended as a sword for customers, but rather as a shield for banks.

Further, Section 4406 is "not a statute of limitations *per se*, but rather a precedent to an action..." *Bucci*, 591 F.Supp.2d at 799 (internal quotations omitted). Thus, this statute is not meant to supplant or compete with the statute of limitations. The supremacy of the statute of limitations comports with the intent of the notice requirement. Both sections present hurdles to Plaintiff. In this case, it may be true that the first hurdle of the statute of limitations is harder to jump than the second hurdle of notice. But that is of no import. In a race, where the runner cannot jump past the first hurdle, it does not matter that the runner could have jumped past the second hurdle with ease.

Finally, case law already provides a failsafe to protect consumers. Where a bank has engaged in fraudulent concealment, the statute of limitations will toll. *Bucci*, 591 F.Supp.2d at 787 (citing *Menichini*, 995 F.2d at 1231). In this case, Plaintiff does not allege any fraudulent concealment. The alleged failure of Defendant to only provide Plaintiff with the check in 2014 does not mean that Defendant fraudulently concealed the check. *C.f. Sevin v. Kelshaw*, 417 Pa. Super. 1, 611 A.2d 1232, 1236 (Pa. Super. 1992) ("Mere silence in the absence of a duty to speak...cannot suffice to prove fraudulent concealment.").

In conclusion, Plaintiff's Complaint is dismissed due to Plaintiff's failure to comport with the statute of limitations.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. Darnell Jones, II     J.